1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DEXTER BROWN,                          No.  2:19-cv-0329 KJN P

12                   Plaintiff,

13          v.                               ORDER

14    GAVIN NEWSOM, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18    § 1983, and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19    proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  For

20    the reasons stated below, the court finds that plaintiff has not demonstrated he is eligible to

21    proceed in forma pauperis.

22          A prisoner may not proceed in forma pauperis:

23                   if the prisoner has, on 3 or more prior occasions, while incarcerated
                     or detained in any facility, brought an action or appeal in a court of
24                   the United States that was dismissed on the grounds that it is
                     frivolous, malicious, or fails to state a claim upon which relief may
25                   be granted, unless the prisoner is under imminent danger of serious
                     physical injury.
26

27    28 U.S.C. § 1915(g).  Court records reveals that on at least three occasions lawsuits filed by the

28    ////

                                                     1

plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted:

   1. Brown v. Hume, 2:11-cv-3441 GEB EFB (complaint dismissed with leave to amend for failure to state a claim, case dismissed on August 7, 2012, for failure to state a claim and failure to file an amended complaint);

   2. Brown v. Mueller, 2:12-cv-2321 KJM DAD (dismissed on September 24, 2013, as frivolous and for failure to state a claim);

   3. Brown v. Gastello, 2:15-cv-1156 MCE EFB (complaint dismissed with leave to amend for failure to state a claim, case dismissed on March 20, 2017, for failure to state a claim and failure to file an amended complaint);

   4. Brown v. Miller, 2:15-cv-1687 GEB CMK (dismissed on September 21, 2016, for failure to state a claim).

   5. Brown v. State of California, 2:17-cv-1845 MCE AC (dismissed on December 6, 2017, for failure to state a claim).[1]

   6. Brown v. Feinstein, 2:18-cv-0670 TLN CKD (dismissed on November 29, 2018, as frivolous and failure to state a claim).

   Also, plaintiff's appeal in Brown v. Brown, No. 17-15330 (9th Cir. 2017), was dismissed as frivolous on July 27, 2017.

   All of the above cases were dismissed prior to December 10, 2018, when plaintiff signed the instant complaint, and none of the strikes have been overturned. Therefore, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has not alleged any facts which suggest that he is under imminent danger of serious physical injury.[2] In his original complaint,

_____

[1] In addition, in Brown v. Sagireddy, 2:17-cv-2041 KJM AC (E.D. Cal.), the district court found that on May 2, 2018, that plaintiff had filed five cases that qualified as strikes under 28 U.S.C. § 1915(g). Sagireddy, 2:17-cv-2041 KJM. The Ninth Circuit also found plaintiff sustained three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Brown v. State of California, No. 17-17527 (9th Cir. 2017).

[2] Rather, plaintiff includes his perceived, and often recited, threats to his life from alleged

plaintiff claimed that he is "in immediate risk of sudden death due to an inability to go to medical appointments or to the outside hospital when medical emergencies arise." (ECF No. 1 at 5.) But plaintiff fails to explain why he cannot attend medical appointments. Moreover, medical care is provided in the prison. Because plaintiff is a prisoner, he cannot demand to be taken to an outside hospital for medical treatment. In addition, plaintiff's filings demonstrate that he is housed in the hemodialysis unit and receives medical care both at the prison, and at an outside hospital when necessary. (ECF No. 1, 6.) Plaintiff's allegations concerning the potential theft of personal property, including legal materials, from his cell does not demonstrate that he is under imminent danger of serious physical injury.[3]

Therefore, plaintiff must submit the appropriate filing fee in order to proceed with this action.

////

_____

potassium poisoning or potassium toxicity incidents from 2014 through 2018. Plaintiff claims that his "custodians have been encouraged to continue trying to murder me in the hemodialysis unit, by serving me food spiked with potassium, and by hiring inmates to assist them in doing the same." (ECF No. 6 at 36.) But the Ninth Circuit Court of Appeals has previously found that these allegations -- which plaintiff has a lengthy history of making -- were not sufficient to show imminent danger of serious physical injury. See Brown v. California, Case No. 17-17527 (9th Cir. Jul. 19, 2018), ECF No. 13 (denying plaintiff's motion for leave to proceed in forma pauperis on appeal).

Court records reflect that plaintiff has alleged that prison officials have been attempting to kill him since as early as 2011. See Brown v. Brown, No. 2:11-cv-3053 KJM KJN (E.D. Cal.), ECF No. 1 (Nov. 17, 2011 complaint). Courts have rejected these repeated allegations from plaintiff as "frivolous," "delusional," "far-fetched," and "fantastical." See Brown v. Mueller, No. 2:12-cv-2321 KJM DAD (E.D. Cal.), ECF Nos. 33 & 39; Brown v. Feinstein, No. 18-cv-0670-TLN CKD (E.D. Cal.), ECF No. 7 at 4. Plaintiff was allowed to file an amended complaint in Sagireddy, No. 2:17-cv-2041 KJM AC, to pursue Eighth Amendment claims concerning hemodialysis.

[3] In his accompanying motion, plaintiff states that although he did not have time to document it, there may have been another failed attempt to have him assaulted on April 23, 2019. (ECF No. 7 at 3.) Plaintiff is reminded that he must first exhaust his administrative remedies before filing a claim in federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002); Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016) (mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement).

1    In accordance with the above, IT IS HEREBY ORDERED that plaintiff shall submit,

2    within twenty-one days from the date of this order, the appropriate filing fee.  Plaintiff's failure to

3    comply with this order will result in a recommendation that this action be dismissed.

4    Dated:  May 1, 2019

5

6    KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

7

8    /brow0329.1915g

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4