UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | No. 2:19-cv-0329 KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, and seeks relief pursuant to 42 U.S.C. § 1983. On May 13, 2019, plaintiff filed a request for reconsideration of the court's May 1, 2019 order requiring plaintiff to pay the court's filing fee. Plaintiff objects that the court's order failed to consider plaintiff's amended complaint filed on April 15, 2019. However, plaintiff is mistaken. See ECF No. 8 at 3:7, citing ECF Nos. 1 (original complaint) and 6 (plaintiff's amended complaint).

Because plaintiff has sustained three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced *at the time the complaint was filed*, not at some earlier or later time. See Andrews, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical

1

injury must be a real, present threat, not merely speculative or hypothetical. Thus, the undersigned evaluated plaintiff's original complaint because it would include plaintiff's allegations concerning the alleged danger he faced at the time he filed this action. But the court also reviewed plaintiff's amended complaint in determining that plaintiff failed to demonstrate he faced imminent danger of serious physical injury. (ECF No. 8 at 3.)

Thus, upon reconsideration, the court affirms its May 1, 2019 order.

Plaintiff also sought an extension of time to file a request for reconsideration of the May 1, 2019 order. But plaintiff also seeks an extension of time in which to file a second amended complaint that clarifies his claim of imminent threat of serious physical injury. The court does not find good cause to grant plaintiff an extension of time to further challenge the May 1, 2019 order, but will grant plaintiff an extension of time to file a second amended complaint in which he may clarify his claim of imminent danger of serious physical injury he believed he faced at the time he filed this action. In other words, plaintiff must identify an <u>imminent</u> danger of serious physical injury he faced <u>at the time he filed this action</u>, not before or after this action was filed on February 25, 2019. Following review of the amended pleading, the court will address the filing fee issue.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 10) is granted;

2. Upon reconsideration, the May 1, 2019 order is affirmed, but the deadline for paying the filing fee is stayed;

3. Plaintiff's motions for extension of time (ECF Nos. 10 & 11) are partially granted;

4. On or before June 30, 2019, plaintiff shall file a proposed second amended complaint. Plaintiff's failure to comply with this order may result in a recommendation that this action be dismissed.

Dated: June 6, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/brow0329.rec

2