UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEXTER BROWN,

    Plaintiff,

v.

GAVIN NEWSOM, et al.,

    Defendants.

No. 2:19-cv-0329 KJN P

ORDER AND FINDINGS AND RECOMMENDATIONS

I. Introduction

    Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis because he has incurred three strikes under § 1915(g), and fails to demonstrate he was facing imminent danger of serious physical injury on or about February 25, 2019, when this action was filed.

II. Section 1915(g)

    A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

1

> frivolous, malicious, or fails to state a claim upon which relief may
> be granted, unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g). Court records reveals that on at least three occasions lawsuits filed by the plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted:

    1. Brown v. Hume, 2:11-cv-3441 GEB EFB (complaint dismissed with leave to amend for failure to state a claim, case dismissed on August 7, 2012, for failure to state a claim and failure to file an amended complaint);

    2. Brown v. Mueller, 2:12-cv-2321 KJM DAD (dismissed on September 24, 2013, as frivolous and for failure to state a claim);

    3. Brown v. Gastello, 2:15-cv-1156 MCE EFB (complaint dismissed with leave to amend for failure to state a claim, case dismissed on March 20, 2017, for failure to state a claim and failure to file an amended complaint);

    4. Brown v. Miller, 2:15-cv-1687 GEB CMK (dismissed on September 21, 2016, for failure to state a claim).

    5. Brown v. State of California, 2:17-cv-1845 MCE AC (dismissed on December 6, 2017, for failure to state a claim).[1]

    6. Brown v. Feinstein, 2:18-cv-0670 TLN CKD (dismissed on November 29, 2018, as frivolous and failure to state a claim).

Also, plaintiff's appeal in Brown v. Brown, No. 17-15330 (9th Cir. 2017), was dismissed as frivolous on July 27, 2017.

All of the above cases were dismissed prior to February 10, 2019, when plaintiff signed his original complaint, and none of the strikes have been overturned. Therefore, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1] In addition, the Court of Appeals for the Ninth Circuit found plaintiff has sustained three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Brown v. State of California, No. 17-17527 (9th Cir. 2017).

Because plaintiff has sustained three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.

The undersigned has reviewed plaintiff's second amended complaint and determined that plaintiff has not alleged facts demonstrating that he faced imminent danger of serious physical injury at the time he filed this action on February 25, 2019.[2] (ECF No. 14.) In his original complaint, plaintiff claimed that he was "in immediate risk of sudden death due to an inability to go to medical appointments or to the outside hospital when medical emergencies arise." (ECF No. 1 at 5.) But plaintiff failed to explain why he could not attend medical appointments, and medical care is provided in the prison. In addition, plaintiff's filings demonstrate that he is housed in the hemodialysis unit and receives medical care both at the prison, and at an outside hospital when necessary. (ECF Nos. 1, 6.)

---

[2] Rather, plaintiff includes his perceived, and often recited, threats to his life from alleged potassium poisoning or potassium toxicity incidents from 2014 through 2019. (ECF No. 14 at 79-80.) Plaintiff earlier claimed that his "custodians have been encouraged to continue trying to murder me in the hemodialysis unit, by serving me food spiked with potassium, and by hiring inmates to assist them in doing the same." (ECF No. 6 at 36.) But the Ninth Circuit Court of Appeals has previously found that these allegations -- which plaintiff has a lengthy history of making -- were not sufficient to show imminent danger of serious physical injury. See Brown v. California, Case No. 17-17527 (9th Cir. Jul. 19, 2018) (ECF No. 13) (denying plaintiff's motion for leave to proceed in forma pauperis on appeal).

Moreover, court records reflect that plaintiff has alleged that prison officials have been attempting to kill him since as early as 2011. See Brown v. Brown, No. 2:11-cv-3053 KJM KJN (E.D. Cal.), ECF No. 1 (Nov. 17, 2011 complaint). Courts have rejected these repeated allegations from plaintiff as "frivolous," "delusional," "far-fetched," and "fantastical." See Brown v. Mueller, No. 2:12-cv-2321 KJM DAD (E.D. Cal.) (ECF Nos. 33 & 39); Brown v. Feinstein, No. 18-cv-0670-TLN CKD (E.D. Cal.) (ECF No. 7 at 4). Plaintiff was allowed to file an amended complaint in Brown v. Sagireddy, No. 2:17-cv-2041 KJM AC (E.D. Cal.), to pursue Eighth Amendment claims concerning hemodialysis solely as to defendant Sagireddy. Id.

Plaintiff did not repeat such allegations in his second amended complaint, but explains that he is unable to go for outside treatment because he will be placed in areas without video coverage which puts his safety at risk when guarded by a "subversive officer." (ECF No. 14 at 77.) Plaintiff claims that if he is housed in the Medical Guard Unit, he is treated badly (stripped of his wheelchair, he is unable to attend the toilet and it takes hours for staff to clean him up), and has been verbally threatened by "very subversive officers." (Id.)[3] Upon plaintiff's return to prison, he is put in the Property Management Unit which also has no camera coverage. But plaintiff has no constitutional right to be housed where he is constantly videotaped. The second reason plaintiff claims he is unable to attend outside medical appointments is because his legal documents and evidence are often searched and some taken and never returned. While such conduct could be inappropriate,[4] such allegations fail to demonstrate plaintiff is at risk of imminent physical danger. Moreover, plaintiff's explanations confirm that his inability to attend outside medical appointments are of his own making -- because he fears potential consequences

---

[3] Moreover, allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). Nor are allegations of mere threats cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

[4] The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). In his amended pleading, plaintiff does not allege that the deprivation of property was authorized. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Plaintiff must seek redress in the state system as to any unauthorized deprivation of property.

of transport away from the prison, he chooses to decline such appointments.

In his second amended complaint,[5] plaintiff now focuses on the refusal of defendants to investigate plaintiff's claims or protect plaintiff's documents or evidence he alleges supports his belief that prison staff are attempting to murder him by potassium poisoning, or that prison staff are hiring inmates to attack him.[6] But plaintiff's allegations concerning the potential theft from his cell of personal property, including legal materials or evidence, or that the named defendants refuse to investigate plaintiff's claims, fail to demonstrate that he is under imminent danger of serious physical injury.

Finally, plaintiff's allegations concerning inmates Underwood and Martinez do not demonstrate that plaintiff was under imminent danger of serious physical injury at the time plaintiff filed this action.

Plaintiff alleges that on January 24, 2019, inmate Underwood usurped plaintiff's time on the prison law library computer, and when plaintiff complained, prison law library staff refused to intervene. (ECF No. 14 at 48-49.) Plaintiff then filed a complaint alleging that inmate Underwood tried to bait plaintiff into a confrontation over the computer. (ECF No. 14 at 49.) With such complaint, plaintiff included a copy of his prior September 2017 complaint in which he

---

[5] Plaintiff names the following defendants: Gavin Newsom, Governor; Elaine M. Howle, California State Auditor; Scott Kernan, Secretary, California Department of Corrections and Rehabilitation ("CDCR"); Michael Martel, Warden (former), California Health Care Facility ("CHCF"); and the County of San Joaquin (hereafter "County"). (ECF No. 14.) Plaintiff raises ten different causes of action, some of which are unrelated. (ECF No. 14 at 4-13.) Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

[6] Courts have not recognized "inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved." Gomez v. Whitney, 757 F.2d 1005, 1006 (1985); see also Page v. Stanley, 2013 WL 2456798, at *8-9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome"). Absent an underlying violation of a constitutional right by named defendants, plaintiff's contentions that defendants fail or refuse to investigate plaintiff's allegations do not state cognizable civil rights claims.

5

alleged inmate Underwood "committed an act of battery" upon plaintiff while prison staff stood by watching and laughing. (Id.) Plaintiff wrote another complaint on February 1, 2019, asking for protection from Underwood, asking that Underwood be transferred to another prison or precluded from attending the library while plaintiff was there. (ECF No. 14 at 50.) On June 14, 2019, plaintiff observed Underwood waiting to enter the law library, so plaintiff stopped across the breezeway from the library. Underwood got up, and slowly closed the distance, then said to plaintiff, "Brown, let me talk to you for a minute." (ECF No. 14 at 70.) Plaintiff rolled his wheelchair in front of the law library door camera, Underwood stopped, exclaiming "scary Fucking coward," and plaintiff "hurried away from him towards the ADA inmate workers for assistance back to [plaintiff's] housing unit." (Id.)

Plaintiff fails to allege specific facts demonstrating that inmate Underwood posed an imminent danger of serious physical injury in February of 2019, when this action was filed. That inmate Underwood wrongfully usurped plaintiff's computer time on January 24, 2019, does not demonstrate an imminent danger of serious physical injury. Underwood's effort to speak with plaintiff on June 14, 2019, despite plaintiff's belief that Underwood intended to harm plaintiff, fails to show plaintiff was in imminent danger of serious physical injury in February of 2019.

Plaintiff's allegations concerning inmate Martinez fail to demonstrate imminent danger for the same reasons. Plaintiff claims that Richard Martinez, CDCR No. BB0075, struck plaintiff on April 15, 2019. (ECF No. 14 at 54-56.) But because inmate Martinez' action took place two months after this action was filed, such action cannot demonstrate a risk of imminent danger of serious physical injury in February of 2019.[7]

Therefore, the undersigned recommends that plaintiff's request to proceed in forma pauperis be denied, and that plaintiff be required to submit the appropriate filing fee in order to proceed with this action.

////

////

---

[7] The CDCR inmate locator website shows that as of February 20, 2020, Richard Martinez, BB0075, is no longer housed at CHCF, but is housed at Mule Creek State Prison.

III. Plaintiff's Subsequent Filing

On July 30, 2019, plaintiff filed a second copy of his 104 page second amended complaint, handwriting under the title: "July 28, 2019 Second Successive filing of this document (i.e. Second Amended Complaint)." (ECF No. 16.) This pleading was docketed as a "Supplemental Second Amended Complaint." Plaintiff did not explain why he submitted a second copy of his amended pleading. Because this filing is essentially duplicative of his prior amended pleading, and plaintiff was not granted leave to file another amended pleading, such filing is disregarded.

IV. Plaintiff's Motions for Injunctive Relief

On April 26, 2019, plaintiff filed a motion styled, "Motion for order of protection or TRO/Preliminary Injunction." (ECF No. 7.) On May 9, 2019, plaintiff filed a motion styled, "Motion for order of protection or TRO/Preliminary Injunction II," in which he supplements the facts alleged in support of his initial motion, including an allegation that a member of the Governor's office staff, "Adrian," is allegedly obstructing justice. (ECF No. 9 at 5.) Plaintiff also claims that he has been subject to repeated attempted assaults since the first reported assault/battery on April 5, 2019, all by the same perpetrator (apparently inmate Richard Martinez). (ECF No. 9 at 4.)

In both motions, plaintiff seeks an order of protection for his evidence and documents. (ECF No. 7 at 3, 9 at 6.) In his supplemental motion, plaintiff seeks an order requiring defendants to preserve certain video footage, complaining that the three-week delay claimed by governor's staff "smacks of stalling and collusion," and seeks appointment of counsel for the limited purpose of storing all of the evidence sought in his motions for injunctive relief. (ECF No. 9 at 6).

A. Governing Standards

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller

hearing. The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. See Beaty v. Brewer, 649 F.3d 1071, 1076 (9th Cir. 2011) (affirming district court's denial of the motion for a temporary restraining order or preliminary injunction by discussing either as under the same standard for issuing preliminary injunctive relief); see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

The moving party must demonstrate that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) that the relief sought is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Ninth Circuit has held that injunctive relief may issue, even if the moving party cannot show a likelihood of success on the merits, if "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation omitted). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))).

B. The Court Lacks Jurisdiction

A district court lacks authority to grant relief in the form of a temporary restraining order or permanent injunction where it has no jurisdiction over the parties. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication.") (citation and internal quotation omitted); Paccar Int'l, Inc. v. Commercial Bank of

Kuwait, S.A.K., 757 F.2d 1058 (9th Cir. 1985) (vacated district court's order granting preliminary injunction for lack of personal jurisdiction). An injunction against a party over whom the court lacks personal jurisdiction would be futile because the court would be powerless to enforce it.

None of the individuals named by plaintiff as defendants in this action have been served or appeared in this action. In addition, because plaintiff has been identified as having sustained three strikes under 28 U.S.C. § 1915(g), plaintiff's second amended complaint has not yet been screened. In his motions, plaintiff seeks relief based on the potential conduct of non-defendant prison officials, simply identified as "California prison personnel," or his "custodians and the inmates they have working with and for them," whose future conduct he seeks to enjoin, and the court does not have jurisdiction over such individuals unless plaintiff provides facts showing that they are acting "in active concert or participation" with the defendants. Fed. R. Civ. P. 65(d)(2); Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969) (("[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation.")). Plaintiff has failed to provide such facts. Absent such facts, plaintiff's speculation as to the motivations of other inmates and prison staff and the potential alleged consequences are insufficient to demonstrate a risk of immediate and irreparable injury. Caribbean Marine Services Co., Inc. v. Baldrige, 844 F.2d 668, 647 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.") (quoting Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984)).

Because the court lacks jurisdiction over the individuals against whom plaintiff seeks injunctive relief, the motions must be denied. Zepeda v. I.N.S., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Accordingly, the undersigned recommends that plaintiff's motions (ECF Nos. 7, 9) be denied without prejudice.

V. Related Case

Examination of plaintiff's case, Brown v. Newsom, 2:19-cv-0948 MCE KJN (E.D. Cal.), reveals that plaintiff raised similar claims against defendant Newsom, but also named Newsom's

staff member, Adrian, as a defendant, based on some of the same allegations raised herein, including those involving inmate Richard Martinez, CDCR No. BB0075.  On September 9, 2019, the undersigned found that plaintiff failed to demonstrate he met the imminent danger exception to § 1915(g), and recommended that plaintiff's motion to proceed in forma pauperis be denied, and he be required to pay the court's filing fee.  No. 2:19-cv-0948 MCE KJN (ECF No. 7.)  On February 5, 2020, the district judge adopted the findings and recommendations in full.  Id. (ECF No. 13.)  Normally, it might be appropriate to assign this action to the same district judge assigned to No. 2:19-cv-0948 MCE KJN because such assignment would effect a substantial saving of judicial effort, would be convenient for the parties, and would avoid disparate outcomes.  However, because Judge England has taken senior status, the court declines to relate this case to plaintiff's other case No. 2:19-cv-0948 MCE KJN, and simply takes judicial notice of the findings in such case.[8]

VI. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's successive second amended complaint (ECF No. 16) is disregarded.

The Clerk of Court shall assign a district judge to this action.

Further, IT IS RECOMMENDED that:

1. Plaintiff's request to proceed in forma pauperis be denied;

2. Plaintiff's motions for preliminary injunctive relief or temporary restraining orders (ECF Nos. 7, 9) be denied; and

3. Plaintiff be ordered to submit the appropriate filing fee within twenty-one days from the date of any order adopting these recommendations.  Plaintiff's failure to timely pay the filing fee in full will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

---

[8] A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

10

after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 21, 2020

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/brow0329.1915g2