UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER BROWN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　　　Defendants. | No. 2:19-cv-00329-TLN-KJN<br><br>**ORDER** |

Plaintiff Dexter Brown ("Plaintiff"), a state prisoner proceeding *pro se*, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 21, 2020, the magistrate judge filed findings and recommendations which were served on Plaintiff and which contained notice to Plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 19.) On April 10, 2020, Plaintiff was granted until June 30, 2020, in which to file objections. (ECF No. 24.) Plaintiff did not file objections to the findings and recommendations.

Accordingly, the Court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see also* 28 U.S.C. § 636(b)(1).

1

Having reviewed the file under the applicable legal standards, the Court finds the Findings and Recommendations to be supported by the record and by the magistrate judge's analysis.

The Court additionally notes that, on May 8, 2020, in another civil matter filed by Plaintiff, *Dexter Brown v. Ram*, No. 20-cv-0154-JAM-KJN (E.D. Cal. 2020), an order mailed to Plaintiff was returned as undeliverable, marked "deceased." *Id.* A court may take judicial notice of court records. *See, e.g., Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal quotation omitted). Moreover, the inmate locator website for the California Department of Corrections and Rehabilitation ("CDCR") no longer lists Plaintiff as housed in CDCR custody.

In light of Plaintiff's apparent death, his motions for injunctive relief are moot and are DENIED on that basis, as well as for the reasons set forth in the Findings and Recommendations (ECF No. 19 at 7–10). Further, it is impossible for Plaintiff to prosecute this action. The Court has considered whether to appoint counsel to represent Plaintiff's estate but finds there are no exceptional circumstances for doing so in this case. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed February 21, 2020 (ECF No. 19), are adopted in full;

2. Plaintiff's motions for preliminary injunctive relief or temporary restraining orders (ECF Nos. 7, 9) are DENIED as moot;

3. This action is DISMISSED without prejudice; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED: August 25, 2020

                                              Troy L. Nunley
                                              United States District Judge